IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MORGUARD, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1996-M-BN |
| | § | |
| JASPER CALHOUN ROWE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On August 20, 2019, Defendants Jasper Calhoun Rowe, Susan Rowe, Jaycen Gregory Hurst, and Jillian Hurt, each proceeding *pro se*, removed to this Court a civil action arising out of a forcible-detainer proceeding brought in state court by Plaintiff Morguard Valley Ranch Apartment ("Morguard"). Their case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Under the duty to police its own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), the Court entered an order on August 23, 2019 questioning *sua sponte* whether Defendants' removal was proper and requiring Defendants to, by September 23, 2019, either show the Court in writing (and with evidence) that jurisdiction exists or agree that the case should be remanded to state court, *see* Dkt. No. 5 (further warning Defendants that, "although proceeding *pro se*, [they] could be ordered to pay [Morguard's] attorneys' fees and costs in connection with a motion to remand if [their] removal of the case is determined to be improper, [a]

motion to remand is granted, and the Court determines that Defendants lacked an objectively reasonable basis for seeking removal" (citations omitted)).

Morguard filed a timely motion to remand and timely amended that motion. *See* Dkt. Nos. 6 & 8; *see also* 28 U.S.C. § 1447(c). The amended motion to remand asserts a lack of federal subject matter jurisdiction and a defect in the removal and requests that the Court award Morguard costs, expenses, and attorney fees under Section 1447(c). *See* Dkt. No. 8.

Defendants responded by filing an amended notice of removal, an opposition to the amended motion to remand, and a supplemental opposition. *See* Dkt. Nos. 9, 10, & 12. And Morguard filed a reply in support of its amended motion to remand. *See* Dkt. No. 11.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the following reasons, the Court should grant the amended motion to remand, remand this action to state court, and award Morguard costs, expenses, and attorney fees under Section 1447(c).

**Legal Standards and Analysis**

I.  <u>Motion to Remand</u>

The Court should grant the amended motion to remand as Defendants fail to establish federal question jurisdiction and the forum-defendant rule prevents the removal of this action on the basis of diversity jurisdiction.

Defendants assert that removal is proper on the basis that they were discriminated against in violation of the Fair Housing Act ("FHA"); that their rights

to substantive and procedural due process protected by the United States Constitution have been violated; and that the Administrative Procedures Act has been violated. *See, e.g.,* Dkt. No. 9.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of

federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal on this basis, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366). But there are no allegations in Morguard's state-court eviction petition (the well-pleaded complaint) that support federal question jurisdiction. *See* Dkt. No. 8-1.

And, to the extent that Defendants believe, for instance, that the FHA has been violated, any belief that asserting a defense or counterclaim based on a federally-protected right in a state-law forcible-detainer action confers federal question jurisdiction is an "overly broad understanding of federal jurisdiction." *Fed. Nat'l Mortg. Ass'n v. Smith*, No. 3:13-cv-1901-K-BN, 2013 WL 1759521, at *5 (N.D. Tex. Apr. 5,

2013) (collecting cases); *see, e.g., Oasis at Moss Park, LLC v. Gamble*, No. 6:17-cv-1224-Orl-18KRS, 2017 WL 3267808, at *2 (M.D. Fla. July 11, 2017) ("In this case, Oasis's complaint does not allege a federal cause of action. Instead, its action for eviction arises squarely under state law .... It appears that Gamble may believe that his eviction violates the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* .... As explained above, however, any defenses or counterclaims he may raise in response to Oasis's lawsuit do not confer federal question removal jurisdiction on this Court." (collecting cases)), *rec. adopted*, 2017 WL 3251601 (M.D. Fla. July 31, 2017).

A defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim.").[1] Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the

---

[1] *See also id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

-5-

federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).[2] But Defendants do not allege, much less show, that Morguard raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state-court forcible-detainer action or that Morguard's state law claims are completely preempted by federal law. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal

---

[2] *See also Anderson*, 539 U.S. at 8 ("Thus, a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." (citation omitted)); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)).[3]

Further, although Defendants fail to carry their burden to establish diversity jurisdiction under Section 1332, even if they had, an action may not be removed on that basis if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit, *see* 28 U.S.C. § 1441(b)(2) – a defect Morguard raised in the amended motion to remand, *see In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of "forum-defendant rule" is defective).

## II.   Costs and Expenses

The Court should award Morguard the costs and expenses, including attorneys' fees, it incurred as a result of Defendants' removal. *See* 28 U.S.C. § 1447(c) (providing in part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal").

The "decision to grant or deny attorneys' fees under Section 1447(c) is

---

[3] *See also Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action."); *U.S. Bank Nat'l Ass'n v. McAfee*, No. 4:12-cv-804-A, 2013 WL 48500, at *1-*2 (N.D. Tex. Jan. 3, 2013) (remanding forcible detainer action under similar circumstances); *Wells Fargo Bank v. Matts*, No. 3:12-cv-4565-L, 2012 WL 6208493, at *4-*5 (N.D. Tex. Dec. 13, 2012) (same).

discretionary. " *Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761, at *2 (N.D. Tex. Dec. 28, 2016) (citing *Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009)), *rec. accepted*, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). And the standard for awarding fees under Section 1447(c) "turns on the reasonableness of the removal." *Id.*

Under this standard, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought.] Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 358 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). But "[i]t is not necessary to show that a removing defendant acted in bad faith or other ulterior motive to award attorneys' fees under Section 1447(c)." *Western Healthcare*, 2016 WL 7735761, at *2 (citation omitted).

Although Defendants are proceeding *pro se*, that does not excuse their removal of this action and their refusal to concede to remand once the Court notified them – on August 23, just three days after their removal – that it was likely that subject matter jurisdiction was lacking and that they could be ordered to pay attorneys' fees and costs in connection with a motion to remand. *See* Dkt. No. 5. In sum, their objectively unreasonable removal to this Court and related practice here needlessly perpetuated the parties' litigation, forcing Morguard to incur additional – and unnecessary – legal fees.

While the Court should award Morgaurd its costs and actual expenses, including the attorneys' fees, associated with the removal of this action, it has yet to provide the Court an affidavit from its attorneys outlining those complete costs and expenses. But, if the Court accepts the undersigned's recommendation to grant the motion to remand and award costs and expenses under Section 1447(c), its remand of this action will not divest it of the costs-and-expenses issue, an issue the undersigned can address under the Court's standing order of reference post-remand. *See Coward v. AC & S, Inc.*, 91 F. App'x 919, 921-22 (5th Cir. 2004) (per curiam) (holding "that a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified" (citing *Cooter v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); citations omitted)).

**Recommendation**

The Court should grant Plaintiff Morguard Valley Ranch Apartment's amended motion to remand [Dkt. No. 8], remanding this action to the state justice court from which it was removed, and award Morguard, under 28 U.S.C. § 1447(c), the costs and expenses, including attorneys' fees, it incurred as a result of this removal, referring to the undersigned the determination of those costs and expenses.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 23, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE