IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MORGUARD, LLC,                          §
                                        §
              Plaintiff,                §
                                        §
V.                                      §          No. 3:19-cv-1996-M-BN
                                        §
JASPER CALHOUN ROWE, ET AL.,            §
                                        §
              Defendants.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On November 13, 2019, the Court remanded this action to state court and also

determined that Plaintiff Morguard Valley Ranch Apartments, LLC ("Morguard") is

entitled to costs and actual expenses, including reasonable attorneys' fees, under 28

U.S.C. § 1447(c), referring "the determination of that award ... to the magistrate judge."

Dkt. No. 16; *see also* Dkt. Nos. 13 & 15.

Morguard filed a request for costs and actual expenses, including attorneys' fees,

under Section 1447(c). *See* Dkt. No. 18. The removing defendants failed to file a

response, and the time to do so has expired. *See* Dkt. No. 17.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should award Morguard $1,916.50 in costs and actual

expenses, including reasonable attorneys' fees, under Section 1447(c).

**Legal Standards and Analysis**

The "decision to grant or deny attorneys' fees under Section 1447(c) is

discretionary. " *Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-

565-L, 2016 WL 7735761, at \*2 (N.D. Tex. Dec. 28, 2016) (citing *Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009)), *rec. accepted*, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). And the standard for awarding fees under Section 1447(c) "turns on the reasonableness of the removal." *Id.*

Under this standard, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought.] Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 358 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). And "[i]t is not necessary to show that a removing defendant acted in bad faith or other ulterior motive to award attorneys' fees under Section 1447(c)." *Western Healthcare*, 2016 WL 7735761, at \*2 (citation omitted).

Although Defendants are proceeding *pro se*, that does not excuse their removal of this action, and their objectively unreasonable removal to this Court has needlessly perpetuated already protracted litigation, forcing Morguard to incur additional – and unnecessary – legal fees. *See generally* Dkt. No. 13. Given the lack of an objectively reasonable basis for removal, Moguard seeks to recover costs and actual expenses, including reasonable attorneys' fees, amounting to $1,917.10, a sum established by uncontested evidence. *See* Dkt. No. 18-1, Affidavit of [Attorney] Gordon Truong.

"[W]ith respect to an award under § 1447(c) of 'costs' (at least in the sense of costs under Fed. R. Civ. P. 54(d)(1)) the remanding court's discretion is much broader

... than with respect to an attorney's fees award by the remanding court under §
1447(c)." *Hornbuckle*, 358 F.3d at 541 n.5 (citing *Miranti v. Lee*, 3 F.3d 925, 99 (5th Cir.
1993); *Valdes*, 199 F.3d at 293). "Even as to such 'costs,' however, discretion is not
unlimited." *Id.* (citing *W.H. Avittis v. Amoco Prod. Co.*, 111 F.3d 30, 32, 33 (5th Cir.
1997)); *see also Thibodeaux Family Ltd. P'ship v. Holland*, No. 06-1626, 2006 WL
3899908, at *2 (W.D. La. Nov. 29, 2006) ("Rule 54(d)(1) costs are not subject to [Section
1447(c)'s] objective reasonableness test. Rather, [that rule] creates a strong
presumption that the prevailing party will be awarded costs." (citing *Schwarz v.
Folloder*, 767 F.2d 125, 131 (5th Cir. 1985); citation omitted)).

I.    Attorneys' Fees

       "[A] party may only recover attorneys' fees 'incurred as a result of the removal.'"
*Western Healthcare*, 2016 WL 7735761, at *3 (quoting 28 U.S.C. § 1447(c)). The United
States Court of Appeals for the Fifth Circuit "has 'interpret[ed] this language to limit
the litigation expenses that may be awarded under this section to fees and costs
incurred in federal court that would not have been incurred had the case remained in
state court.'" *Id.* (quoting *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997)).
"By contrast, ordinary litigation expenses that would have been incurred had the
action remained in state court are not recoverable because such expenses are not
incurred 'as a result of the removal.'" *Avitts*, 111 F.3d at 32; *accord De Jongh v. State
Farm Lloyds*, 555 F. App'x 435, 439 (5th Cir. 2014) (per curiam); *see, e.g., Wermelinger
v. Conn. Gen. Life Ins. Co.*, No. 3:97-cv-1100-D, 1998 WL 401607, at *3 (N.D. Tex. July
15, 1998) ("Because only fees incurred as a result of the removal are recoverable, the

court must reduce many entries. The entries range from time spent on motions to dismiss and motions to disqualify opposing counsel.").

To determine those fees "incurred as a result of removal," "[t]his Court uses the 'lodestar' method," *Western Healthcare*, 2016 WL 7735761, at *3 (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); citations omitted), which it calculates by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate – the market rate in the community for this work, *see Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). Generally, the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there. *See id.* But the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Davis,* 526 F.2d at 868; *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

The party seeking reimbursement of attorneys' fees bears the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 896 n.11, as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). A movant seeking attorneys' fees is also "charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnotes omitted).

The Court should use this reported time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See Watkins*, 7 F.3d at 457. The hours remaining are those reasonably expended. *See id.*

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800. Further, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

And the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (internal quotation marks omitted). "Percentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary – or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *13 (N.D. Tex. Feb. 11, 2011); *Shepherd v. Dallas Cnty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at *2 n.3 (N.D. Tex. Apr. 10, 2009); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (footnote omitted)); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to

perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins,* 7 F.3d at 457.

The undersigned recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, may have been called into question by the United States Supreme Court's decision in *Perdue v. Kenny A.*, 559 U.S. 542 (2010). *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But, the Fifth Circuit, without comment or reference to the *Perdue* decision, has continued to utilize the approach laid out by this Court. *See Black v. Settle Pou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013). *But see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d 291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

And the Fifth Circuit, in a more recent published opinion, has rejected the argument "that *Perdue* clearly disfavors applying the *Johnson* factors to determine a

fee award and instead requires the use of only the lodestar." *Combs v. City of Huntington, Tex.,*829 F.3d 388, 393 (5th Cir. 2016). The Court of Appeals explained that

> [w]e agree that *Perdue* requires courts to first calculate the lodestar; indeed, this has long been our practice. *See, e.g., League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the 'lodestar.'"). But *Perdue* does not, as Combs contends, make it impermissible to then consider any relevant *Johnson* factors. *Perdue* cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee but nowhere calls into question the use of relevant *Johnson* factors to make this determination. Indeed, *Perdue* expressly allows adjustments "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." 559 U.S. at 554....
>
> And though the lodestar is presumed reasonable, it may be adjusted where it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554.... *Perdue*, consistent with the Court's frequent pronouncements, explains that lodestar enhancements are to be rare....
>
> In sum, the district court should begin by calculating the lodestar: the reasonable hours expended multiplied by a reasonable rate. The district court may then determine whether any other considerations counsel in favor of enhancing or decreasing the lodestar. In light of the "strong presumption" that the lodestar represents a sufficient fee, enhancements must necessarily be rare. *Perdue*, 559 U.S. at 553-54.

*Id.* at 393-95.

*Perdue*, then, did not change the proper method for calculating attorneys' fees awards in the Fifth Circuit. Accordingly, the analysis below will take into account the necessary factors when determining the appropriate amount of attorneys' fees to be awarded under 28 U.S.C. § 1447(c).

Morguard seeks to recover fees at $185.00 an hour for Mr. Truong, a fifth-year

associate, and $135.00 an hour for a paralegal, for 10.90 hours of total billable time associated with preparing and filing the motion to remand and replying to Defendants' response to that motion. *See* Dkt. No. 18-1 (further providing testimony in support of the reasonableness of the hourly rate and the time incurred). Defendants do not challenge the hourly rates, and the undersigned finds that these rates are reasonable and within the market rate for attorneys and legal assistants handling this type of litigation in the Dallas area.

Mr. Truong's affidavit and records attached thereto include a narrative description of the work done and the number of hours that it took to complete the work. *See id.* at 6-8. And these descriptions reflect 7.00 hours of time that was written off, evidencing billing judgment per se.

Thus, having carefully reviewed the billing records, the undersigned finds that the 10.90 hours of attorney and paralegal time– all time incurred solely as a result of Defendants' wrongful removal – are reasonable and necessary and not excessive, duplicative, or inadequately documented and therefore were reasonably expended for the tasks for which the Court has determined that Morguard should be awarded its requested attorneys' fees.

The undersigned therefore finds the appropriate lodestar here to be calculated as 10.90 hours at a blended hours rate of approximately $175.83, for a total of $1,916.50. And, while the undersigned has considered the *Johnson* factors, the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Morguard does not seek an enhancement of its attorneys' fees. And the undersigned

determines that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

II.    <u>Costs</u>

Morguard also requests $0.60 in costs for "Pacer Service Center – On-Line Research." Dkt. No. 18-1 at 7; *see also id.* at 4, ¶ 16 ("The expenses and costs incurred through the date of filing of Defendant's Traditional Motion for Final Summary Judgment which are attributable to Defendant's counter-claims against Plaintiff are $0.60. *See* Exhibit 1A.").

To the extent that this costs is associated with Defendants' removal, at least one other district court in this circuit, citing "the Federal Rules of Civil Procedure's liberal approach to allowing costs," found that "nothing precludes the recovery of costs associated with removal," but then limited such costs "only to those specifically listed in 28 U.S.C. § 1920." *In re N.Y. Life Ins. Co. Agents' Class Claimants Solicitation Litig.*, 92 F. Supp. 2d 564, 573 (E.D. La. 1997) (citation omitted); *see also Hornbuckle*, 358 F.3d at 541 n.5 (noting that the Court's discretion as to the award of costs associated with removal "is not unlimited"). The undersigned agrees with this approach. But, because Morguard's evidence fails to specify that the PACER costs incurred were not associated with legal research, to the extent that the $0.60 is associated with removal, that costs should be excluded.

> The Fifth Circuit has not decided whether PACER fees are recoverable under Rule 54(d) and § 1920. *Zastrow v. Hou. Auto M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017) (per curiam). And district courts are split on this issue. *Id.* (citing *Giner v. Estate of Higgins*, 2012 WL 2397440, at *5 (W.D. Tex. June 22, 2012)

(collecting cases)). As Judge Costa, sitting in the Southern District of Texas by designation, has pointed out, "[s]ome district courts draw a distinction between costs incurred performing research (unrecoverable) and those sustained making copies of documents for use in litigation (recoverable)." *Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 2018 WL 3388766, at *2 n.2 (S.D. Tex. July 12, 2018) (Costa, J.) (comparing *Maher v. Vaughn, Silverberg & Assocs., LLP*, 2015 WL 1807056, at *4 (W.D. Tex. Apr. 20, 2015) *with U.S. ex rel. DeKort v. Integrated Coast Guard Sys., LLC*, 2013 WL 1890283, at *4 (N.D. Tex. Mar. 27, 2013)). This is because "[t]he 'overwhelming weight of authority in this and other circuits' rejects the view that a party can recover costs for computerized legal research." *Id.* (quoting *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 581-82 (W.D. Tex. 2010) (collecting cases)).

*Segner as Tr. of PR Liquidating Tr. v. Ruthven Oil & Gas, LLC*, No. 3:12-cv-1318-B, 2020 WL 23061, at *4 (N.D. Tex. Jan. 14, 2020).

## Recommendation

The Court should award Plaintiff Morguard Valley Ranch Apartments, LLC $1,916.50 in costs and actual expenses, including reasonable attorneys' fees, under 28 U.S.C. § 1447(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-12-